# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-499V
Filed: April 23, 2025

```
* * * * * * * * * * * * *
JULIAN HENLEY                    *
                                 *
            Petitioner,          *
                                 *
                                 *
v.                               *
                                 *
SECRETARY OF HEALTH              *
AND HUMAN SERVICES,              *
                                 *
            Respondent.          *
* * * * * * * * * * * * *
```

*Richard Gage, Esq.*, Richard Gage, P.C. (WY), Cheyenne, WY, for petitioner.
*Colleen C. Hartley, Esq.*, US Department of Justice, Washington, DC, for respondent.

## DECISION ON PROFFER[1]

**Roth**, Special Master:

On April 22, 2016, Julian Henley ["Dr. Henley" or "petitioner"] filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that he developed pemphigus vulgaris after receiving a Hepatitis B vaccine on April 3, 2015. Proffer, filed April 22, 2025. On April 25, 2024, a Ruling on Entitlement issued finding petitioner entitled to compensation. ECF No. 178.

On April 22, 2025, the parties filed a proffer agreeing to an award of damages. Respondent agrees to issue the following payment:

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

1

**A lump sum payment of $3,846,702.00**, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner. This amount represents compensation for all damages that would be available under § 300aa-15(a).

I adopt the parties' proffer attached hereto and award compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/ Mindy Michaels Roth**</u>
Mindy Michaels Roth
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

|  |  |  |
|---|---|---|
| JULIAN HENLEY, | ) | |
| | ) | |
| Petitioner, | ) | No. 16-499V |
| | ) | ECF |
| | ) | Special Master Roth |
| | ) | |
| v. | ) | |
| | ) | |
| SECRETARY OF HEALTH | ) | |
| AND HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On April 22, 2016, Julian Henley ("petitioner") filed a petition for compensation under

the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act"

or "Act"), alleging that he suffered Pemphigus Vulgarus following administration of a Hepatitis

B vaccine he received on April 3, 2015. Petition at 1. On March 9, 2017, this Special Master

issued a Fact Ruling regarding Onset. ECF 32. On December 11, 2017, the Secretary of Health

and Human Services ("respondent") filed a Rule 4(c) Report recommending against

compensation under the terms of the Act. ECF 40. On April 25, 2024, the Special Master issued

a Ruling on Entitlement finding petitioner entitled to compensation. ECF 178.[1]

---

[1] The parties have no objection to the amount of the proffered award of damages. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(f), to seek review of the Special Master's Fact Ruling regarding Onset of March 9, 2017, and Ruling on Entitlement of April 25, 2024, finding petitioner entitled to an award under the Vaccine Act. ECF 32, ECF 178. This right accrues following the issuance of the damages decision.

## I.    Items of Compensation

### A.    Pain and Suffering

Respondent proffers that petitioner should be awarded $250,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

### B.    Lost Wages

Evidence supplied by petitioner documents that he incurred lost wages related to his vaccine-related injury.  Respondent proffers that petitioner should be awarded lost wages in the amount of $3,596,702.00.  *See* 42 U.S.C. § 300aa-15(a)(3)(A).  Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.    Form of the Award

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Special Master's decision and the Court's judgment award the following[2]:  a lump sum payment of $3,846,702.00, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.

## III.    Summary of Recommended Payment Following Judgment

Lump sum payable to petitioner, Julian Henley:                          **$3,846,702.00**

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future, unreimbursed expenses, future lost earnings and future pain and suffering.

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

GABRIELLE M. FIELDING
Assistant Director
Torts Branch, Civil Division

/s/ Colleen C. Hartley
COLLEEN C. HARTLEY
Assistant Director
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-3644

DATED: April 22, 2025

3